| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | B. James Fitzpatrick (SBN: 129056)<br>Charles Swanston (SBN: 181882)<br>FITZPATRICK, SPINI & SWANSTON<br>555 South Main Street<br>Salinas, CA 93901<br>Telephone: (831) 755-1311<br>Facsimile:  (831) 755-1319<br><br>Attorneys for Plaintiff,<br>ALVARO SANCHEZ on behalf of<br>himself and all other similarly situated employees |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ALVARO SANCHEZ on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 15-CV-04657-EJD<br><br>[Monterey County Superior Court Case No. M132626]<br><br>**AMENDED ORDER (1) CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS; (2) PRELIMINARILY APPROVING THE CLASS ACTION SETTLEMENT; (3) APPOINTING PLAINTIFF AS THE CLASS REPRESENTATIVE AND HIS COUNSEL AS CLASS COUNSEL; (4) APPROVING AND DIRECTING THE DISTRIBUTION OF THE CLASS NOTICE PACKET; AND (5) SETTING A HEARING FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**<br><br>Date: March 22, 2018<br>Time: 9:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Edward J. Davila<br><br>Complaint Filed: July 14, 2015<br>Notice of Removal Filed: October 7, 2015 |

Plaintiff Alvaro Sanchez's Motion for Preliminary Approval of the Class Action Settlement came on for hearing on March 22, 2018, in Courtroom 4 of this Court, the Honorable Edward J. Davila presiding.  Attorney B. James Fitzpatrick appeared on behalf of Plaintiff and attorney Jon D. Cantor appeared on behalf of Defendant Keurig Green Mountain, Inc. ("Defendant"). This order replaces and supersedes the Court's preliminary approval order at Dkt. No. 41.

-1-

The Court, having reviewed Plaintiff's motion, the parties' Joint Stipulation of Class Action Settlement ("Settlement") (attached ~~hereto as~~ to Dkt. No. 43 as Exhibit A), along with the files and records of this case, and oral argument made at the hearing, hereby FINDS, CONCLUDES, and ORDERS as follows:

## I. CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

### A. Settlement Class

For settlement purposes, the parties have proposed conditional certification of the following settlement class (the "Class"):

> All former non-exempt, hourly associates who worked for temporary staffing agencies, including but not limited to Select Staffing, at any time between July 14, 2011 and July 3, 2017 (the "Class Period"), who were assigned by such temporary staffing agencies to work at Defendant's Castroville Plant. Notwithstanding the foregoing, any temporary staff person who performed work and/or allegedly suffered violations of any law occurring while such person was in the employ of either Manpower US Inc. and/or any Manpower franchise and assigned to work at Defendant's Castroville Plant during the applicable period shall not be considered a Class Member.

### B. Conditional Certification

Pursuant to Fed. R. Civ. P. 23 the Court hereby certifies the Class for the sole and limited purpose of implementing the terms of the Settlement. Entry of this Order is without prejudice to the rights of Defendant to oppose certification of a class in this action should the proposed Settlement not be granted final approval

## II. APPOINTMENT OF THE CLASS REPRESENTATIVE AND CLASS COUNSEL

### A. Class Representative

The Court finds and concludes that Plaintiff Alvaro Sanchez has claims typical of the Class Members and is an adequate representative of them. The Court hereby appoints Plaintiff Alvaro Sanchez to serve as the Class Representative.

### B. Class Counsel

The Court appoints Plaintiff's counsel, Fitzpatrick, Spini & Swanston as Class Counsel.

## III. PRELIMINARY APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the plan of allocation and

-2-

*Sanchez v. Keurig Green Mountain, Inc.*  Amended Order Preliminarily Approving the Joint
Case No.: 15-CV-04657-EJD  Stipulation of Class Action Settlement

the release of claims. The Court has read and considered the declaration of B. James Fitzpatrick in support of preliminary approval. Based on review of those papers, and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the parties conducted after Class Counsel had adequately investigated Plaintiff's claims and become familiar with their strengths and weaknesses. The assistance of an experienced mediator in the settlement process confirms that the Settlement is non-collusive. Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria for preliminary settlement approval. The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the Class is appropriate.

## IV. APPROVAL OF THE CLASS NOTICE, OPT-OUT FORM, MAILING ENVELOPE AND MANNER OF DISTRIBUTION

The parties have also submitted for this Court's approval a proposed Notice of Proposed Class Action Settlement and Hearing Date for Court Approval (attached as Exhibit 1 to the Settlement), proposed Opt-Out Form (attached as Exhibit 2 to the Settlement), and proposed mailing envelope (attached as Exhibit 3 to the Settlement) (collectively hereinafter referred to as the "Class Notice Packet"). The parties have also proposed a plan for distributing these documents in English and Spanish to Class Members after the Court grants preliminary approval of the Settlement. After carefully reviewing these documents and plan of distribution, the Court finds and concludes as follows:

### A. Best Notice Practicable

The proposed Class Notice Packet is the best notice practicable under the circumstances and allows the Class Members a full and fair opportunity to consider the Settlement. The proposed mailing envelope has been designed to increase the chance that it will be opened by concisely and clearly identifying the nature of its contents. The Class Notice Packet fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information

-3-

*Sanchez v. Keurig Green Mountain, Inc.*  Amended Order Preliminarily Approving the Joint
Case No.: 15-CV-04657-EJD  Stipulation of Class Action Settlement

about Plaintiff and Class Counsels' forthcoming applications for the Class Representative's Service Payment and Class Counsels attorneys' fees and costs; (3) appropriate information about how settlement payments will be calculated, how to receive a settlement payment, the Class Member's estimated gross individual settlement payment under the Settlement, and the procedures by which Class Members may contest Defendant's records of their employment history, which may affect their monetary recovery under the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement, and about Class Members' right to appear if they desire; (5) appropriate information about how to object to or elect not to participate in the Settlement, if a Class Member wishes to do so; and (6) appropriate information as to how to obtain additional information regarding this action and the Settlement.

### B. Plan of Distribution

The proposed plan for distributing the Class Notice Packet is a reasonable method to reach all individuals who would be bound by the Settlement. Under this plan, Defendant will provide the Settlement Administrator within fifteen (15) calendar days after the Court enters its Preliminary Approval Order, for each Class Member, their name, last known mailing address, last known telephone number, Social Security number, the dates of assignment at Defendant's Castroville, California facility during the Class Period, and the number of weeks worked by each Class Member at Defendant's Castroville, California facility during the Class Period ("Class Information").

Within twenty-one (21) days after the Settlement Administrator receives the Class Information, the Settlement Administrator will mail, by first-class mail, the Class Notice Packets in both English and Spanish to all Class Members at their last known address, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement. Prior to the mailing of the Class Notice Packets, the Settlement Administrator will update any new address information for Class Members as may be available through the National Change of Address database or equivalent system.

The Settlement Administrator will trace all returned undeliverable Class Notice Packets and re-mail them to the most recent address available no later than seven (7) calendar days

-4-

following receipt of the returned mail. For any Class Notice Packets returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall conduct a skip-trace and shall promptly re-mail the Class Notice Packet to any newly found address or addresses. The re-mailed Class Notice Packet shall be identical to the original Class Notice.

The Settlement Administrator will take all other necessary action in furtherance of the administration of the Settlement as are specified in the Settlement Agreement.

### C. Approval

Accordingly, the Court finds and concludes that the proposed plan for distributing the Class Notice Packet will provide the best notice practicable, satisfies all legal and due process requirements. Accordingly, the Court hereby orders as follows:

1. The Class Notice Packet is approved. The parties are authorized to make non-substantive changes to the Class Notice Packet that are consistent with the terms of the Settlement and this Order.

2. The manner of distributing the Class Notice Packet to the Class is approved.

3. Promptly following the entry of this Order, the Settlement Administrator will prepare a final version of the Class Notice Packet, incorporating into it the relevant dates and deadlines set forth in this Order. The Class Notice Packet will be initially prepared in English and then, once finalized, translated into Spanish.

4. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement.

## V. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A. Final Approval Hearing

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval Hearing") for July 12, 2018, at 9:00 a.m. in Courtroom 4 of this Court, located at 280 South 1st Street, San Jose, California.

### B. Deadline for Submitting Motion Seeking Final Approval

No later than 10 court days before the Final Approval Hearing, Plaintiff will file a motion for final approval of the Settlement.

### C. Deadline for Motion for Class Counsels Attorneys' Fees and Costs Award

No later than fourteen (14) calendar days before the deadline for Class Members to object or opt-out from the Settlement, Plaintiff will file a motion for approval of Class Counsels attorneys' fees and costs. The motion for Class Counsels attorneys' fees and costs shall be heard concurrently with the motion for final approval.

### D. Deadline to Elect Not to Participate in the Settlement

#### 1. Form of Election

Class Members may exclude themselves from participating in the Settlement. To do so, the Class Member must submit a completed Opt-Out Form by mail to the Settlement Administrator and postmarked on or before the deadline. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether an Opt-Out Form has been timely submitted.

#### 2. Deadline for Submitting an Opt-Out Request

Class Members will have sixty (60) calendar days after the date on which the Settlement Administrator mails the Class Notice Packets to submit to the Settlement Administrator a valid Opt-Out Form. A valid Opt-Out Form will be deemed timely submitted to the Settlement Administrator if it is mailed to the Settlement Administrator by first-class mail and postmarked by no later than sixty (60) calendar days after the Settlement Administrator first mails the Class Notice Packets to the Class Members. Only those Class Members who submit a completed Opt-Out Form within the time and by the manner set forth in this Order will be excluded from the Settlement. The Settlement will have no binding effect on any Class Member who properly elects not to participate in the Settlement in the manner required by this Order.

### E. Defendant's Right to Rescind the Settlement Agreement

Defendant may, at its election, rescind the Settlement and all actions taken in its furtherance of it will be thereby null and void, if more than 10% of the Class Members opt-out of the Settlement. Defendant must exercise this right of rescission, in writing, within seven (7) calendar days after the Settlement Administrator first notifies the parties that the conditions expressed in this paragraph have been satisfied.

-6-

*Sanchez v. Keurig Green Mountain, Inc.*  Amended Order Preliminarily Approving the Joint
Case No.: 15-CV-04657-EJD  Stipulation of Class Action Settlement

### F. Deadline for Filing Objections to Settlement

Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement must do so in writing, and filed with the Court no later than sixty (60) calendar days after the date that the Class Notice Packets are first mailed to Class Members by the Settlement Administrator. Any Class Member who submits a valid and timely Opt-Out Form will not have standing, and is barred from objecting to the Settlement. Any Class Member who does not timely file a written objection will not be permitted to raise such objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any such objection. Class Members who have timely objected to the Settlement in writing may also appear and speak at the Final Approval Hearing if they have provided advance notice to the Court of their intention to do so.

## VI. RELEASE OF CLAIMS

If, at the Final Approval Hearing, this Court grants final approval to the Settlement, Plaintiff and every Class Member who does not validly and timely opt-out of the Settlement will, pursuant to the Settlement, be adjudicated to have granted the release of claims as set forth in the Settlement.

## VII. APPOINTMENT OF SETTLEMENT ADMINISTRATOR

Simpluris, Inc. is hereby appointed the Settlement Administrator to carry out the duties set forth in this Order and the Settlement.

## VIII. CY PRES RECIPIENT

The Class Members shall have 180 calendar days to cash their settlement checks. Checks allocated to Class Members who cannot be located during the notice process shall be cancelled by the Claims Administrator who shall promptly place the funds in a Reserve Fund to be used to pay amounts allocated to Class Members who cannot be located within the time provided, but who are later located up to six months after the Effective Date, and who are otherwise qualified for such payment. All payments made from the Reserve Fund shall be made as soon as practicable after the Class Members are located. Any funds remaining in the Reserve Fund after

-7-

*Sanchez v. Keurig Green Mountain, Inc.*　　　Amended Order Preliminarily Approving the Joint
Case No.: 15-CV-04657-EJD　　　Stipulation of Class Action Settlement

six months and any remaining funds from "uncashed checks" shall be distributed to the Watsonville Law Center (www.watsonvillelawcenter.org) which provides free legal services to low-income individuals on the Central Coast.

**IT IS SO ORDERED.**

Date: April 6, 2018

_____
Honorable Judge Edward J. Davila
United States District Judge

-8-

*Sanchez v. Keurig Green Mountain, Inc.*  Amended Order Preliminarily Approving the Joint
Case No.: 15-CV-04657-EJD  Stipulation of Class Action Settlement