B. James Fitzpatrick (SBN: 129056)
Charles Swanston (SBN: 181882)
FITZPATRICK & SWANSTON
555 South Main Street
Salinas, CA 93901
Telephone: (831) 755-1311
Facsimile: (831) 755-1319

Attorneys for Plaintiff,
ALVARO SANCHEZ on behalf of
himself and all other similarly situated employees

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ALVARO SANCHEZ on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 15-CV-04657-EJD<br><br>[Monterey County Superior Court Case No. M132626]<br><br>[PROPOSED] **ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**<br><br>Date: August 2, 2018<br>Time: 9:00 a.m.<br>Courtroom: 4<br>Judge: Hon. Edward J. Davila<br><br>Complaint Filed: July 14, 2015<br>Notice of Removal Filed: October 7, 2015 |

This matter came before the court on August 2, 2018 for a hearing on the Motion for Final Approval of Class Action Settlement. Due and adequate notice having been given to Class Members as required by the Court's April 6, 2018 Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein, and having received no objections and no opt-outs to the settlement, and determining that the settlement is fair, adequate, and reasonable, and otherwise being fully informed and good cause appearing therefore it is hereby

**ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. For the reasons set forth in the Preliminary Approval Order and in the transcript of the proceedings of the Preliminary Approval hearing, which are adopted and incorporated herein

-1-

by reference, this Court finds that the requirements of Fed. R. Civ. Proc. 23 have been satisfied.

2. This Order hereby adopts and incorporates by reference the terms and conditions of the Amended Joint Stipulation of Class Action Settlement ("Settlement"), together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

4. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to opt out, object, or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, and due process. The Class Notice fairly and adequately described the Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information.

5. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt out are bound by this Order.

6. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiff's counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable.

7. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of the Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiff's counsel. The Court has also considered the absence of objection to the settlement.

-2-

*Sanchez v. Keurig Green Mountain, Inc.*  [Proposed] Order Granting Final Approval
Case No.: 15-CV-04657-EJD   of the Class Action Settlement

8. Accordingly, the Court hereby approves the settlement as set forth in the Settlement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided as part of the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement confers significant relief on Class Members.

9. The Settlement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the other released parties.

10. Final approval shall be with respect to the following class, certification for which is hereby granted:

> All former non-exempt, hourly associates who worked for temporary staffing agencies, including but not limited to Select Staffing, at any time between July 14, 2011 and July 3, 2017 (the "Class Period"), who were assigned by such temporary staffing agencies to work at Defendant's Castroville Plant. Notwithstanding the foregoing, any temporary staff person who performed work and/or allegedly suffered violations of any law occurring while such person was in the employ of either Manpower US Inc. and/or any Manpower franchise and assigned to work at Defendant's Castroville Plant during the applicable period shall not be considered a Class Member.

11. Alvaro Sanchez is a suitable representative for the Class and is hereby appointed the Class Representative. The Court finds that Plaintiff Alvaro Sanchez's investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Class, and that his interests are aligned with those of the Class.

-3-

*Sanchez v. Keurig Green Mountain, Inc.*  [Proposed] Order Granting Final Approval
Case No.: 15-CV-04657-EJD                of the Class Action Settlement

12. The Court finds that the attorneys at Fitzpatrick & Swanston have the sufficient experience, knowledge, and skill to promote and safeguard the interests of the Class. The Court therefore finds that Plaintiff's counsel satisfy the professional and ethical obligations associated to the position of Class Counsel, and hereby appoints Plaintiff's counsel as Class Counsel for the Class.

13. The Court hereby orders that Defendant pay $23,125.00 to Class Counsel for reasonable attorneys' fees. The Settlement Administrator shall pay the fee award to Fitzpatrick & Swanston from the Gross Settlement Fund, pursuant to the order granting an award of attorneys' fees and within the time period specified in the Settlement and shall issue an IRS Form 1099 to Fitzpatrick & Swanston for Class Counsels' payment.

14. In addition to the fee award, Class Counsel, Fitzpatrick & Swanston is hereby awarded $3,042.66 for reimbursement of litigation expenses. The Settlement Administrator shall remit this expense reimbursement amount to Class Counsel from the Gross Settlement Fund pursuant to the terms of the Settlement. The Settlement Administrator shall make this payment to Fitzpatrick & Swanston within the time period specified in the Settlement and shall issue an IRS Form 1099 to Fitzpatrick & Swanston for payment of the expense reimbursement.

15. The Court finds and determines that the Class Representative Service Payment of $5,000.00 to Plaintiff Alvaro Sanchez, as the Class Representative, is fair and reasonable considering the risks taken and the effort he made in assisting Class Counsel in furthering the interests of the Class. Accordingly, the Court gives final approval to and orders payment of this Service Payment in accordance with the terms of the Settlement. The Settlement Administrator shall make such payment to the Class Representative from the Gross Settlement Fund within the time period stated in the Settlement and shall issue an IRS Form 1099 to the Class Representative for this payment.

16. The Court further finds that the $7,300.00 fee charged by the Settlement Administrator is reasonable. Accordingly, the Settlement Administrator shall make such payment to itself from the Gross Settlement Fund, in full and complete satisfaction of all past and future administration services related to this matter within the time period stated in the

-4-

*Sanchez v. Keurig Green Mountain, Inc.*  [Proposed] Order Granting Final Approval
Case No.: 15-CV-04657-EJD  of the Class Action Settlement

Settlement.

17. The Court finds and determines that the payments to be made to the Class Members as provided for in the Settlement are fair, adequate, and reasonable. The Court hereby grants final approval to and orders those payments be made to the Class Members in accordance with the terms of the Settlement.

18. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement and of the Court's Order shall be forever binding on all Class Members who did not timely opt out of the settlement. These Class Members have released and forever discharged the Defendant for any and all Released Claims.

**IT IS SO ORDERED.**

Date: August 2, 2018

Honorable Judge Edward J. Davila
United States District Judge

-5-

*Sanchez v. Keurig Green Mountain, Inc.*  [Proposed] Order Granting Final Approval
Case No.: 15-CV-04657-EJD   of the Class Action Settlement